**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOHN A. SOSA, | : | |
| | : | Civil Action No. 05-2422 (DMC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| UNION COUNTY NARCOTICS STRIKE | : | |
| FORCE, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

John A. Sosa, Pro Se
Passaic County Jail
4 Main 62
11 Sheriff's Plaza
Paterson, NJ 07501

**CAVANAUGH,** District Judge

Plaintiff, currently confined at the Passaic County Jail, Paterson, New Jersey, seeks to bring this action, which alleges violations of his constitutional rights, in forma pauperis. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, Plaintiff will be granted leave to amend his complaint.

## <u>BACKGROUND</u>

Plaintiff is a federal, pretrial detainee being housed at the Passaic County Jail.  He states that on December 21, 2001, he was involved in an altercation resulting in him being shot in the legs.  He was treated for his injuries with surgeries and therapy.

Two years later, on December 10, 2003, Plaintiff fell down a flight of stairs and re-injured his leg.  He states that he had 16 surgeries on the leg.  Six days after the accident, he was arrested by defendants James Malone and Donald Zsak, of the Union County Narcotics Strike Force.  After another operation, Plaintiff was taken to Union County Jail.  The charges were later dropped by the state, but the federal government sought to prosecute Plaintiff and his co-defendants.  Thereafter, Plaintiff was transported to Passaic County Jail, where he has been detained without bail.

Plaintiff complains that Passaic County Jail's medical department has not given him proper care for his injuries.  He states that he has requested medical care numerous times, and his complaints have been ignored.  Plaintiff claims that his doctor

2

requested that his condition be monitored and that he undergo therapy for at least six months.  Plaintiff contends that because he is not receiving the care prescribed by his doctor, he is experiencing constant pain and loss of sleep, and that if he received therapy, he could possibly walk properly in the future.

Plaintiff names as defendants the Union County Narcotics Strike Force, Special Agents Malone and Zsak, Union County Medical Department, and the Passaic County Medical Department. He seeks monetary and other relief.

**DISCUSSION**

A.     **Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

3

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant

4

to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

**B.  <u>42 U.S.C. § 1983</u>**

A plaintiff may have a federal cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory . . . subjects, or causes to be
> subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable
> to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled in part on other grounds by Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.  <u>Plaintiff's Medical Care Claim.</u>**

Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment and convicted prisoners are protected by the Eighth Amendment.  See <u>Bell v. Wolfish</u>, 441 U.S. 520, 535,

5

n.16, 545 (1979).  However, the Court of Appeals for the Third
Circuit has analyzed pretrial detainee medical care claims
utilizing the Eighth Amendment standard.  See Hubbard v. Taylor,
399 F.3d 150, 166 n.22 (3d Cir. 2005); Natale v. Camden County
Correctional Facility, 318 F.3d 575, 581-82 (3d Cir. 2003);
Sylvester v. City of Newark, 120 Fed. Appx. 419 (3d Cir. 2005).
The Eighth Amendment proscription against cruel and unusual
punishment requires that prison officials provide inmates with
adequate medical care.  See Estelle v. Gamble, 429 U.S. 97, 103-
04 (1976).  In order to set forth a cognizable claim for a
violation of his right to adequate medical care, an inmate must
allege:  (1) a serious medical need; and (2) behavior on the part
of prison officials that constitutes deliberate indifference to
that need.  See id. at 106.

     In this case, Plaintiff has alleged facts indicating a
medical care claim that should proceed past sua sponte screening.
However, from the facts asserted in the instant complaint, the
only defendant named by plaintiff in the instant matter with
involvement in the medical care claim is "Passaic County Medical
Department."  Thus, Plaintiff has not named individual defendants
involved in his claim.  See Rode v. Dellarciprete, 845 F.2d 1195,
1207 (3d Cir. 1988).  Therefore, the Court will grant Plaintiff
the opportunity to amend his complaint to assert his claims
against proper defendants.  If Plaintiff does not so amend his

6

complaint within 30 days of the date of the Order accompanying this Opinion, the Court will dismiss the medical care claim.[1]

**D.   Plaintiff's Remaining Claims.**

Plaintiff recites the events of the day of his arrest, and names the Union County Narcotics Strike Force and defendants Malone, Zsak, and Union County Jail as defendants. Nevertheless, Plaintiff does not assert any constitutional claims against these defendants, or express how these defendants violated his civil rights. Plaintiff does state that he was ignored when asked to contact his attorney. However, because Plaintiff is at the pretrial stage, and has not yet been convicted, he is not entitled to damages for this claim. See Heck v. Humphrey, 512 U.S. 477 (1994); Younger v. Harris, 401 U.S. 37 (1971); Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996).

---

[1]   If the plaintiff does not know the exact identity of the proper defendants, courts within this circuit have permitted "fictitious-defendant pleading." See Rolax v. Whitman, 175 F. Supp.2d 720, 728 (D.N.J. 2001)(citing Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998))(other citations omitted). The use of fictitious defendants is permitted until the plaintiff has had an opportunity to conduct discovery. See White v. Fauver, 19 F. Supp.2d 305, 312 n.8 (D.N.J. 1998). However, "fictitious parties must eventually be dismissed, if discovery yields no identities." Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998).
When a fictitious name is used, "the complaint should state that the name is fictitious and provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served." Keno v. Doe, 74 F.R.D. 587, 588 n.2 (D.N.J. 1977)(citations omitted).

Because Plaintiff may be able to amend his complaint to assert claims against these defendants, the Court will grant him the opportunity to do so.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint, as submitted, is subject to dismissal.  However, because it is conceivable that Plaintiff may be able to amend his complaint to address its deficiencies as stated in this Opinion, he will be granted 30 days from the date of the Order accompanying this Opinion to do so.

_____
DENNIS M. CAVANAUGH
United States District Judge

Dated: 8/22/05

8