NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

JOHN SOSA                                          :
                                                   :
            Plaintiff,                             :        **Hon. Dennis M. Cavanaugh**
                                                   :
            v.                                     :        **OPINION**
                                                   :
UNION COUNTY MEDICAL DEPT,                          :        Civ. No. 05-cv-02422 (DMC) (MF)
PASSAIC COUNTY MEDICAL,                            :
SHERIFF JERRY SPEZIALE, DR.                        :
WABBA,                                             :
            Defendants.                            :
                                                   :

---

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff John Sosa ("Plaintiff") to reactivate this case. Defendants Union County Medical Department, the Passaic County Medical Department, Dr. M. Wabba and Sheriff Jerry Speziale (collectively, "Defendants"), respond that the matter should not be reopened because Plaintiff has failed to prosecute this matter under FED. R. CIV. P. 41(b), and has failed to adequately state a claim under 12(b)(6).

For the reasons stated, Plaintiff's motion is **denied**.

## I.      BACKGROUND

On December 21, 2001, Plaintiff was involved in an altercation, during which he was shot in both legs. He was treated for his injuries with multiple surgeries and therapy. (See Plaintiff's Complaint ("Compl.") ¶¶ 7-8.) On December 10, 2003, Plaintiff fell down a flight of stairs re-injuring his left leg, requiring extensive surgery on the leg. (Compl. ¶ 9.)

On December 16, 2003, Plaintiff was arrested by Special Agents James Malone and Donald Zsak of the Union County Narcotics Strike Force (formerly Defendants in this action). (Compl. ¶ 9.) The charges were later dismissed by the state, but the federal government sought to prosecute Plaintiff. Thereafter, Plaintiff was transported to Passaic County Jail, where he was detained without bail. (Compl. ¶ 10.) Plaintiff is currently incarcerated at the Allenwood Federal Corrections Complex, in White Deer, Pennsylvania.

On or about May 9, 2005, Plaintiff filed a complaint naming Special Agents Malone and Zsak along with the medical departments of both Union and Passaic Counties as Defendants. Plaintiff alleges that the Passaic County Jail's medical department has not provided him with proper care for his injuries. (Compl. ¶ 11.) Plaintiff contends that because he is not receiving the care prescribed by his doctor, he is experiencing constant pain and loss of sleep. He also seeks appropriate physical therapy so that he can walk properly in the future. (Compl. ¶ 12.)

On or about September 26, 2005, Plaintiff moved to amended his Complaint, and dismissed his claims as to Malone and Zsak. He further sought to add Dr. M. Wabba and Sheriff Jerry Speziale as defendants. Plaintiff's motion was granted by this Court.

On August 11, 2006, Defendants' counsel sent a letter to Plaintiff at the Passaic County Jail, which is the location Plaintiff identified as his current residence, requesting answers to interrogatories. The mail was returned as undeliverable on September 11, 2006. Other correspondence, including scheduling orders forwarded to Plaintiff by the Court, were also returned as undeliverable. Plaintiff provided no information to the Court or Defendants' counsel regarding a change of address, or his whereabouts in general.

On January 19, 2007, Defendants' counsel filed a motion to dismiss Plaintiff's Complaint

2

for failure to prosecute. This Court dismissed the case without prejudice on January 31, 2007.

On April 16, 2010, Plaintiff filed this motion to reactivate his case. On May 3, 2010, Defendants' counsel submitted a Letter Brief in Opposition to Plaintiff's motion.

## II.   APPLICABLE LAW

### A. FEDERAL RULE OF CIVIL PROCEDURE 41(b)

A plaintiff's failure to prosecute an action may warrant involuntary dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

FED. R. CIV. P 41(b). The authority of the Court to dismiss an action under Rule 41(b) for failure to prosecute flows from a court's inherent power to control its docket, prevent undue delay in the disposition of pending cases, and avoid congested court calendars. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962).

In Poulis, the Third Circuit set forth six (6) factors for district courts to consider in determining whether dismissal under Rule 41(b) is appropriate: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, and (6) the meritoriousness of the claim or defense. Poulis v. State Farm and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

Courts are reluctant to deny a party the right to assert or defend against claims as a "mere

punishment." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 341-42 (3d Cir. 1982).

Accordingly, the Poulis factors should carefully "be weighed by the district courts in order to assure

that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is highly

merited." Poulis, 747 F.2d at 870. Specifically, "dismissal . . . should be reserved for those cases

where there is a clear record of delay or contumacious conduct by the plaintiff." Donnelly, 677 F.2d

at 342. While some leeway should be given to a *pro se* plaintiff, he or she cannot disregard the

obligations imposed by the federal rules or orders of the court. Keller v. Blackman, No. 89-6528,

1991 U.S. Dist. LEXIS 17526 (E.D.Pa. Dec. 3, 1991); see Ealy v. Superintendent of Groveland Corr.

Facility, 680 F.Supp.2d 445, 447-48 (2010).

A dismissal under Rule 41(b) may be with or without prejudice. A court may dismiss an

action with prejudice when "[t]he inability to proceed with th[e] litigation is directly attributable to

plaintiff's failure to notify the court of his current address." Jackson v. Richardson, No. 3-97-CV-

2317-BD(R), 1998 U.S. Dist. LEXIS 17086, at *1 (N.D. Tex. Oct. 23, 1998); see also Alfonso v.

Whaley, No. 9:07-CV-0844, 2009 U.S. Dist. LEXIS 73549, at *1 (N.D.N.Y. Aug, 19, 2009); Brand

v. Colleran, No. Civ. 4:CV-03-962, 2005 WL 1653286, at *1 (M.D.Pa. July 5, 2005); Laessig v.

Moore, No. Civ. A. 93-5942, 1996 WL 167645, at *1 (E.D.Pa. Apr. 9, 1996).

## B. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be

dismissed if it fails to state a claim upon which relief may be granted. In deciding a motion to

dismiss pursuant to Rule 12(b)(6), all allegations in the complaint must be taken as true and viewed

in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump

Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after

viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atlantic Corp. v. Twombly, the Supreme Court clarified the Rule 12(b)(6) standard. 550 U.S. 544 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Id. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

## III.   DISCUSSION

Plaintiff asks that this Court reopen his case after he failed to communicate with the Court for a period of 4 years. Defendants respond that this case should not be reactivated because Plaintiff has failed to prosecute his case, and, in any case, has not stated a claim upon which relief may be granted. The Court agrees with Defendants.

### A. FAILURE TO PROSECUTE – FEDERAL RULE OF CIVIL PROCEDURE 41(b)

In order for Defendants to demonstrate that Plaintiff has failed to properly prosecute his case under Rule 41(b), each of the six factors enumerated in Poulis need not weigh in favor of dismissal. See, e.g., Poulis, 747 F.2d 863 (affirming dismissal of complaint with prejudice due to failure to meet court imposed deadlines and other procedural requisites despite the fact that only two of six factors clearly weighed in favor of dismissal).

Here, three of the Poulis factors weigh strongly in favor of finding a failure to prosecute.

5

namely: factor one, the extent of the party's personal responsibility; factor two, prejudice to the adversary; and, factor three, a history of dilatoriness in the case.

In this case, Plaintiff filed a *pro se* complaint in May 2005 alleging that the Passaic County Jail's medical department failed to provide him proper care for his injuries. (Compl. ¶ 11.)   After 5 months of participating in this case, Plaintiff no longer responded to the scheduling orders or interrogatories sent to his current address of record. That is, he ignored the correspondences by the Court and Defendants' counsel, including the Court's second scheduling order on October 16, 2006. A copy was sent to Plaintiff at the Passaic County Jail, which is the location Plaintiff identified as his current residence. The mail was returned as undeliverable.

Plaintiff explanation is that he was transported to another institution in July 2006. (Pl.'s Mot. Req. Civ. Compl. Reactivated, ¶ 7-8.) Plaintiff does not deny that he failed to contact the Court or Defendants' counsel to announce his change of address after being transported.[1]  Plaintiff had no contact with the Court or Defendants for a period of nearly 4 years, despite the numerous attempts to contact him. Although Plaintiff's transfer was not under his control, see id. ¶ 9, notifying the Court or his opposition of the address change is entirely his responsibility, and could have been easily accomplished. Here, "[t]he inability to proceed with th[e] litigation is directly attributable to plaintiff's failure to notify the court of his current address," and reactivation of his case is unwarranted under these circumstances. Jackson, 1998 U.S. Dist. LEXIS 17086, at *1.

Next, Defendants clearly are prejudiced by having to defend a case that is almost five years

---

[1] Plaintiff contends that Defendants' counsel could verify an inmate's location by contacting the U.S. Marshals Service (USMS). (Letter Br. To Def.'s Opp'n at 1-2). This is inapposite. Plaintiff bears the burden of prosecuting his own action, and this includes informing the Court as to his current location.

6

old without the benefit of discovery, interrogatories and the other items requested by the scheduling orders.

The prosecution of this case has been excessively dilatory and Plaintiff bears the responsibility for this. While some leeway should be given to a *pro se* plaintiff, he may not completely disregard the obligations imposed by orders of the court. See Keller, 1991 U.S. Dist. LEXIS 17526, at *1; see also Ealy, 680 F.Supp.2d at 447-48.

**B. FAILURE TO STATE A CLAIM – FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

As this Court has already determined that Plaintiff's claim must be dismissed under Rule 41(b), the Court need not consider Defendants' arguments as to whether Plaintiff adequately stated a claim under 12(b)(6).

**IV.   CONCLUSION**

For the reasons stated above, Defendants have clearly demonstrated that Plaintiff failed to properly prosecute this action, and Plaintiffs' motion to reactivate this case is **denied**.

Dennis M. Cavanaugh, U.S.D.J.

Date:        July 2, 2010
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File

7